Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Aileen Ocon (SBN: 240417)
aileen.ocon@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:  213-485-1200

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS S. LIN AND LILY W. LIN<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. AND AMERICA'S WHOLESALE LENDER ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive<br><br>Defendants. | CASE NO. 2:16-cv-00130<br><br>**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>[Removed from Superior Court of California, County of Los Angeles – Case No. BC602316]<br><br>Complaint Filed:  November 25, 2015 |

---

1

NOTICE OF REMOVAL
*Thomas S. Lin, et al. v. Select Portfolio Servicing, Inc., et al.*

**TO THE CLERK OF THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Select Portfolio Servicing, Inc. ("SPS") hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California and states as follows:

## STATEMENT OF THE CASE

1. On November 25, 2015, plaintiffs Thomas S. Lin and Lily W. Lin ("Plaintiffs") commenced an action in the Superior Court of California, County of Los Angeles, entitled *Thomas S. Lin and Lily W. Lin v. Select Portfolio Servicing, Inc. and America's Wholesale Lender Its Successors and/or Assigns; and Does 1-25, Inclusive*, Case No. BC602316 (the "State Court Action"). A true and correct copy of the complaint served on SPS in the State Court Action is hereto attached as <u>Exhibit 1</u>.

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999). Plaintiffs served SPS with the summons and complaint on December 8, 2015. This Notice of Removal is filed within 30 days from that date, and is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. The complaint names two defendants, SPS and America's Wholesale Lender Its Successors and/or Assigns (collectively, "Defendants") and purports to assert five causes of action labeled as follows: (1) "Violation of the Federal Truth In Lending Act," (2) "Quiet Title;" (3) "Cancellation of Instrument;" (4) "Declaratory Relief;" and (5) "Violation of California Civil Code Section 2923.5 and California Homeowner Bill of Rights ('HBOR') Sections 2923.55, 2924(a)(6), 2924.17." (Exhibit 1, Compl. pp. 20-28.)

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders served on SPS in the State Court Action, other than the

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

complaint referenced above, have been attached hereto as *Exhibit 2*.

## FEDERAL QUESTION JURISDICTION

5. A case may be removed to a federal court if it could have been brought in that federal court originally. 28 U.S.C. § 1441(b); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998).

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331. The first cause of action in the complaint directly seeks relief for violation of the Federal Truth in Lending Act ("TILA"). Plaintiffs allege that they rescinded the loan transaction pursuant to 15 U.S.C. § 1635 and Regulation Z §§ 226.15 and 226.23. (Exhibit 1, Compl. ¶¶ 1-16, pp. 20-24).

7. TILA is a federal statute, 15 U.S.C. § 1601 *et seq*. Accordingly, this Court has federal question subject matter jurisdiction. *See*, *e.g., U.S. v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) ("[S]uits seeking compliance with, or remedies for, violations of … statutes and regulations present federal questions."); *Rivas v. Napolitano*, 714 F.3d 1108, 1111-12 (9th Cir. 2013) (resolution of claims involving federal regulation provide federal question subject matter jurisdiction); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (finding that a case "'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law").

8. Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any state and common law claims that form part of the same case or controversy and, accordingly, arise out of a common nucleus of operative facts. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997).

## REMOVAL REQUIREMENTS

9. This notice of removal is filed by SPS. Based on information and belief, Defendant America's Wholesale Lender Its Successors and/or Assigns, the only other named defendant, has not been served. Therefore, no additional consent is required for removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th

Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."). Upon information and belief, no other defendants have been named in and served with the complaint in this matter, and therefore additional consent to this removal is not required. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement for consent applies "only to defendants properly joined and served in the action").

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Central District of California is the federal judicial district embracing the Superior Court of California for the County of Los Angeles, where the State Court Action was originally filed.

11. The Western Division of the Central District of California is proper because Plaintiffs reside in the Western Division (*see* Exhibit 1, Compl. at p. 4) and all of Plaintiffs' claims arose in the Western Division. (*Id.* at pp. 1-2.) General Orders 349, 349-A.

12. A copy of this Notice of Removal will be served upon Plaintiffs and filed with the Superior Court of the County of Los Angeles. *See* 28 U.S.C. §§ 1446(a), (d).

13. This Notice of Removal is signed by SPS's counsel pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

By this Notice of Removal and the associated attachments, SPS does not waive any defenses or objections to this action. SPS intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE,** SPS prays that the State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that SPS receive all additional relief to which it is entitled.

///

///

1 | Dated: January 7, 2016          Respectfully submitted,

                                                       LOCKE LORD LLP

                                                       By:     */s/ Aileen Ocon*
                                                                          Conrad V. Sison
                                                                          Aileen Ocon
                                                 Attorneys for Defendant SELECT PORTFOLIO SERVICING, INC.

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*